Stephen Wayne ANDERSON,
Petitioner,

v.

Gray DAVIS, Governor, Governor of the State of California; Jeanne Woodford, Warden, Warden of California State Prison at San Quentin, Respondents.

No. 01–70109.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 24, 2002 *.

Filed Jan. 24, 2002.

See also 232 F.3d 1053.

---

**5.** Once again, we encourage bankruptcy courts to identify clearly which statutory provision applies to a professional's retention. Of course, failure to cite either § 330 or § 328 is not fatal, as the context of the reten-

tion order should ordinarily make clear which provision is applicable.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Harry W. Simon, Federal Public Defender's Office, Los Angeles, California; Robert S. Horwitz, Law Offices of A. Lavar Taylor, for the petitioner.

Ward A. Campbell, Office of Attorney General, Sacramento, California, for respondents.

Before: TROTT, FERNANDEZ, and McKEOWN, Circuit Judges.

TROTT, Circuit Judge.

Stephen Wayne Anderson ("Anderson") stands convicted of murder and sentenced to death. *See Anderson v. Calderon,* 232 F.3d 1053 (9th Cir.2000), *cert. denied,* —— U.S. ——, 122 S.Ct. 580, 151 L.Ed.2d 451 (2001). His execution is currently scheduled to occur on January 29, 2002, at 12:01 AM. He has exhausted his appeals and opportunities for collateral review and now seeks a temporary restraining order and permanent injunction against his execution by the State of California. The ground he advances is that the Governor of California, Gray Davis, allegedly has a blanket policy vis à vis murderers to deny all applications of executive clemency out-of-hand without exercising any judgment on the particular case or prisoner before him. This policy, asserts Anderson, violates both the Eighth and the Fourteenth Amendments to the Constitution of the United States and denies to him the due process to which he is entitled under law. The legal authority for his case rests largely on language from Justice O'Connor's opinion in *Ohio Adult Parole Auth. v. Woodard,* 523 U.S. 272, 289, 118 S.Ct. 1244, 140 L.Ed.2d 387 (1998) (O'Connor, J., concurring):

> [S]ome *minimal* procedural safeguards apply to clemency proceedings. Judicial intervention might, for example, be warranted in the face of a scheme whereby a state official flipped a coin to determine whether to grant clemency, or in a case where the State arbitrarily denied a prisoner any access to its clemency process.

Anderson's tactical objective in this action is to use the federal courts to remove the Governor of California from the regular executive clemency process and to substitute the Lieutenant Governor in his stead.

Governor Davis responds that (1) he has made no final decision with respect to Anderson's request for executive clemency; (2) he has no policy such as alleged by Anderson; and (3) he will assiduously follow California's executive clemency process and render to Anderson the individualized decision to which Anderson claims he is entitled. In support of his position and to refute Anderson's allegations, the Governor offers his decisions in three similar cases which he says show careful and considered reasoning in denying clemency. Moreover, Governor Davis's Legal Affairs Secretary, Barry Goode, sent a letter to Anderson in response to Anderson's request that the Governor recuse himself from this case which reads as follows:

> Article V of the California Constitution clearly lodges in the Governor the authority to act upon an application for clemency. Whether to grant the application of an individual under sentence of death is one of the most important and difficult decisions a Governor can make. Governor Davis accepts that responsibility fully and mindful of the gravity of the decision he must make. He intends to consider Mr. Anderson's application thoroughly, and to give it the careful, individualized attention it merits. [....] Your argument that the Governor will not review Mr. Anderson's application fully, fairly, and carefully is incorrect. He will. [....] Governor Davis will not recuse himself from action upon Mr. Anderson's application.

[Exh. G.]

In a thoughtful and careful opinion read from the bench, the district court rejected Anderson's requests, including a request to depose the Governor. Judge Walker concluded that Anderson failed to demonstrate a colorable case of constitutional dimensions and thus, could not show any probability of success on the merits.

From that denial, Anderson filed an "Emergency Motion" with this Court asking for an injunction against his scheduled execution so that his appeal from the district court's order may be processed and heard.

## ANALYSIS

 Courts have uniformly rejected allegations that due process is violated by a governor who adopts a general policy of not granting clemency in capital cases. *See In re Sapp*, 118 F.3d 460, 465 (6th Cir.1997). However, on the assumption that there might be a ground in this matter for the denial of clemency—as suggested by Justice O'Connor in *Woodard*—that would offend the Constitution, we have scoured the record to see if there is any such problem in this case, and we find none. Anderson does not present us with any suggestion that race, religion, political affiliation, gender, nationality, etc. are involved in this case. He has not alleged that the Governor's procedures are "infected by bribery, personal or political animosity, or the deliberate fabrication of false evidence." *Woodard*, 523 U.S. at 290–91, 118 S.Ct. 1244 (Stevens, J., concurring and dissenting). Nor does he allege that coin-flipping or another capricious decisionmaking process is present. Furthermore, Anderson does not claim he has been misled in any way by the Governor, or that he failed to receive adequate notice of the issues to be considered in his request for clemency. In this respect, Anderson's case is easily distinguishable from the claims presented to this Court by way of mandamus in *Wilson v. United States Dist. Court (Siripongs)*, 161 F.3d 1185 (9th Cir.1998).

On the other hand, the Governor's evidence disputing Anderson's assertions appears convincing and well-documented. Ultimately, Anderson fails to present us

with any evidence or information suggesting that Governor Davis is anything other than a state officer " 'of conscience and intellectual discipline, capable of judging a particular controversy fairly on the basis of its own circumstances.' " *Withrow v. Larkin,* 421 U.S. 35, 54, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975) (quoting *United States v. Morgan,* 313 U.S. 409, 421, 61 S.Ct. 999, 85 L.Ed. 1429 (1941)).[1]

## CONCLUSION

Anderson has fallen far short of demonstrating a substantial likelihood of success on the merits. Moreover, the district court did not base its decision on an erroneous legal standard or clearly erroneous findings of fact. Whatever discretion the district court had was appropriately exercised. Accordingly, we deny Anderson's motion for an injunction pending appeal.

DENIED

---

1. In so stating, we do not hold that the standards applied to decisions of judicial officers and administrative boards also apply to a governor's clemency decisions.