**Michael A. MORALES, Plaintiff,**

v.

**James P. WILLETT the San Joaquin County District Attorney, et al. Defendants.**

**No. CV 06–0680DT.**

United States District Court, C.D. California.

Feb. 8, 2006.

---

Benjamin David Weston, David A. Senior, McBreen and Senior, Los Angeles, CA, for Plaintiff.

## ORDER DISMISSING COMPLAINT FOR RELIEF UNDER 42 U.S.C. § 1983

TEVRIZIAN, District Judge.

Plaintiff Michael Angelo Morales is scheduled to be executed at San Quentin State Prison on February 21, 2006. He is currently in the process of seeking executive clemency from the Governor of the State of California.

On Monday, February 6, 2006, Morales filed in this Court a Complaint for Equitable and Injunctive Relief and for Damages under 42 U.S.C. § 1983. The complaint names as defendants the San Joaquin County District Attorney's Office, District Attorney James P. Willett, and Assistant District Attorney Craig Holmes. In 1983, the San Joaquin County District Attorney prosecuted Morales for the murder of Terri Winchell.[1] Defendant Craig Holmes, who was at the time a defense attorney in private practice, represented Morales. Mr. Holmes subsequently joined the San Joaquin County District Attorney's office, where, according to the complaint, he has been employed for over 19 years and is now the Assistant District Attorney, the second highest-ranking member in that office.

The complaint alleges that the San Joaquin County District Attorney exercised significant discretionary authority over the setting of an execution date for Morales, and is currently participating in the clemency proceedings adversely to Morales. Although the complaint does not allege that Mr. Holmes is personally involved in these matters, it does allege that his prominent position within the office renders it impossible for the office to function in an evenhanded manner, and requires disqualification of all attorneys in the office. Among other things, the complaint seeks an injunction against further participation by any agent of the San Joaquin County District Attorney in the ongoing proceedings for executive clemency.

Because the defendants are located entirely within the judicial district for the Eastern District of California and the acts and omissions complained of occurred or will occur primarily within that district, venue does not appear proper in the Central District of California. *See* 28 U.S.C. § 1391(b). However, "[v]enue is not jurisdictional." *Libby, McNeill & Libby v. City National Bank*, 592 F.2d 504, 510 (1978) (citing *Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 167–68, 60 S.Ct. 153, 84 L.Ed. 167 (1939)). In the interests of judicial economy and because this Court is familiar with the facts and judicial history of this case, the Court will exercise its authority to rule on the federal question presented in Morales's present complaint.

The complaint does not allege that Morales's former trial counsel is personally contributing to the District Attorney's anti-clemency efforts by providing privileged or confidential information acquired in the course of representing Morales. In-

---

1. Because of pre-trial publicity in San Joaquin County, the trial was held in Ventura County. For this reason, Morales's federal habeas corpus petition was filed in the United States District Court for the Central District of California (Case No. 91–0682), where it was assigned to the undersigned judge.

stead, Morales argues that Mr. Holmes has a position of significant authority within the District Attorney's office, and hence over subordinate attorneys, and that recusal of the entire office is required under principles of imputed disqualification. This Court concludes that Mr. Holmes's position within the District Attorney's office does not violate the *"minimal* procedural safeguards" applicable to clemency proceedings. *Ohio Adult Parole Authority v. Woodard,* 523 U.S. 272, 289, 118 S.Ct. 1244, 140 L.Ed.2d 387 (1998) (O'Connor, J., concurring in part). In the context of considering a mandamus petition, the Ninth Circuit assumed there are "federal principles of due process which apply to a limited degree in clemency proceedings," and held that state communications that misled a petitioner about the scope of his clemency proceeding could violate due process. *See Wilson v. U.S. Dist. Court for the Northern Dist. of California,* 161 F.3d 1185, 1186–87 (9th Cir.1998). Some justices have expressed the opinion that a corrupt or random clemency decision, or an arbitrary denial of access to clemency proceedings, would violate due process. *See Ohio Adult Parole Auth.,* 523 U.S. at 289, 118 S.Ct. 1244 (O'Connor, J., concurring in part); *id.* at 290–93, 118 S.Ct. 1244 (Stevens, J., dissenting in part); *see also Anderson v. Davis,* 279 F.3d 674, 676 (9th Cir.2002). No such egregious violation of fundamental notions of fairness is alleged in the complaint.

Plaintiff's request for injunctive or other equitable relief, damages, and attorneys' fees is hereby DENIED. Pursuant to Federal Rule of Civil Procedure 12(b)(6), the complaint is DISMISSED without leave to amend.

IT IS SO ORDERED.